Albert Henri DIREMIGGIO, Appellant,

v.

The STATE of Texas, Appellee.

No. 61690.

Court of Criminal Appeals of Texas, Panel No. 1.

July 7, 1982.

Rehearing Denied Sept. 15, 1982.

William A. Bratton, III, Dallas, for appellant.

Henry Wade, Dist. Atty., T. Michael Sutton, Winfield W. Scott and Will Wilson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Appeal is taken from a conviction for aggravated rape; having been indicted as a repeat offender,[1] appellant's punishment was assessed by the jury at forty five years confinement.

Because of our disposition of appellant's third ground of error, a recitation of the facts constituting the offense is unnecessary.

In his ground of error three, appellant contends the evidence is insufficient to establish he had previously been convicted of the prior offense as alleged in the second paragraph of the indictment.[2] Appellant claims, *inter alia*, that the State failed to establish that the 1970 Virginia conviction, Case No. F–92, offered in State's Exhibit 37, was final before the commission of the primary offense; that the trial court admitted such exhibit over his objection on that ground and thereby committed reversible error. We agree.

The "pen packet" introduced as State's Exhibit 37 contains a document which appears to be a judgment from the Circuit Court of Henrico County, Virginia. This judgment is dated July 24, 1970. It recites that on that day appellant entered a plea of guilty and was found guilty of "uttering forged check with intent to defraud, as charged in the indictment." Then,

"... it is accordingly the judgment of this court that the defendant be and is hereby sentenced to confinement in the penitentiary of this Commonwealth for the term of five (5) years, *of which term the Court doth suspend the execution of four (4) years upon the conditions that he keep the peace and be of good behavior for ten (10) years...*.

---

1. V.T.C.A. Penal Code, § 12.42(c) provides:
   "If it be shown on the trial of a first-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 15 years."

2. That paragraph alleged in pertinent part:
   "... that prior to the commission of the aforesaid offense by the said Albert Henri DiRemiggio, to-wit: on the 24th day of July, A.D. 1970, in the Circuit Court of Henrico County, Virginia, in cause number Felony No. 92 on the docket of said court, the said [defendant] under the [same name] was duly and legally convicted in [said court] of a felony, to-wit: uttering forged check with intent to defraud, as charged in the indictment..., *and said conviction was a final conviction ... prior to the commission of the offense hereinbefore charged* against him as set forth in the first paragraph hereof, ...."
   (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

And it is further ordered that as soon as possible after the entry of this order the defendant be removed and safely conveyed according to law from the jail of this Court to the said penitentiary. . . ."

The pen packet also contains something similar to a "sentence"[3] in the cause, but it recites that appellant is ordered "confined in the penitentiary for the *term of five years with 4 years suspended for 10 years* . . . ." Nothing else contained in State's Exhibit 37 specifically deals with "Case No. F–92" other than a receipt from the Virginia State Penitentiary which indicates appellant was there received on July 24, 1970, the same day his plea was entered.[4]

It is settled that the burden is on the State to make a prima facie showing that any prior conviction alleged for enhancement, or for punishing an accused as a repeat offender, became final before the commission of the primary offense, and once such a showing is made, the burden shifts to the defendant to prove otherwise. See *Johnson v. State*, 583 S.W.2d 399 (Tex. Cr.App.1979); and *Tinney v. State*, 578 S.W.2d 137 (Tex.Cr.App.1979).

The issue before us, then, is whether such a prima facie showing was made by the State in the instant case.

The State's only response to appellant's contention is: "Since only four out of the five years was suspended, appellant necessarily received a final conviction as to the one year actually served. Cf. *Franklin v. State*, 576 S.W.2d 621 (Tex.Cr.App.1978); *Taylor v. State*, 549 S.W.2d 722 (Tex.Cr.

App.1977)."[5] With this reasoning, we are definitely not persuaded.

In *Spiers v. State*, 552 S.W.2d 851 (Tex. Cr.App.1977) the Court confronted a Mississippi conviction introduced for enhancement which reflected on its face that the sentence was suspended. It was there held:

"There is no showing that this suspended sentence was ever revoked. Accordingly, there is no proof that the burglary conviction was a final conviction. Absent such proof such conviction cannot be used for enhancement. *Arbuckle v. State*, 132 Tex.Cr.R. 371, 105 S.W.2d 219; *Fetters v. State*, 108 Tex.Cr.R. 282, 1 S.W.2d 312; *Brittian v. State*, 85 Tex.Cr.R. 491, 214 S.W. 351."

552 S.W.2d at 852. The judgment was ordered reversed.

While the method of partial imposition and partial suspension of execution of a sentence is alien to Texas law,[6] the State made no effort whatever to enlighten the trial court if it had proof that such a conviction was considered to be "final" under Virginia law. See *Almand v. State*, 536 S.W.2d 377 (Tex.Cr.App.1976). Further, we believe it selfevident that the suspension for ten years of any part of a sentence entered on July 24, 1970, could not possibly have expired by July 17, 1978, the day appellant was tried in Dallas County for this aggravated rape.

We accordingly hold that the State failed to make a prima facie showing that the prior Virginia conviction alleged in a repeater paragraph of the indictment was a

---

**3.** See Article 42.02, V.A.C.C.P.

**4.** The exhibit does contain evidence that prior *to the entry of his plea in Case No. F–92*, on January 20, 1970 and again on May 27, 1970, he entered pleas of guilty to three other charges of uttering and received, respectively: five years, execution of two years of which was suspended for five; five years, execution of all of which was suspended for eight; and five years, execution of three of which was suspended for ten years.

None of these documents meets the criteria of a "judgment" under Texas law, see Article 42.01, V.A.C.C.P., the most notable deletion in each being a "number of the case."

The exhibit also contains what is apparently a card kept at a penitentiary which indicates that between three different cases, appellant's "term expires Apr. 26, 1976" and finally, that he was "discharged 4–26–74."

**5.** *Franklin*, supra, and *Taylor*, supra, are cases which deal with the impossibility of probating a fine, while imposing a jail term, under Texas misdemeanor probation law. We are frankly at a loss as to the State's intended meaning in citing these cases.

**6.** Save perhaps the procedure contained in Article 42.12, § 3e, V.A.C.C.P., commonly called "shock probation."

final conviction, and the trial court committed reversible error by admitting it over appellant's objection. The State may not at a new trial in this cause, utilize Case No. F–92 to increase appellant's minimum punishment as a repeat offender. *Cooper v. State*, 631 S.W.2d 108 (Tex.Cr.App., 1982).

The judgment is reversed and this cause is remanded to the trial court.