In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-169 CR


____________________



STEVEN ALEXANDER MENEFEE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 1-A District Court


Tyler County, Texas


Trial Cause No. 9487






 OPINION


 Appellant Steven Alexander Menefee was indicted for second-degree robbery. See
Tex. Pen. Code Ann. § 29.02 (Vernon 2003). The State alleged Menefee had a prior
conviction for felony theft, raising his range of punishment to that for a first-degree felony. 
See Tex. Pen. Code Ann. § 12.42(b) (Vernon Supp. 2005) (1). Following the jury's "guilty"
verdict, Menefee pled "true" to the enhancement allegation and stipulated to the prior
conviction. He was sentenced to twenty-five years' confinement in the Texas Department
of Criminal Justice, Institutional Division, and fined $10,000.

 In five issues, Menefee contends: (1) the trial court enhanced his sentence with a prior
theft conviction that was not final when he committed the robbery; (2) he received ineffective
assistance of counsel because his trial counsel failed to investigate and discover that the prior
conviction used to enhance his sentence was an unrevoked probated sentence; (3) the trial
court entered a void cumulation order; (4) the trial court entered a different sentence than it
orally pronounced; and (5) the evidence proving Menefee committed theft of property was
factually insufficient. We affirm the conviction and reverse and remand for a new
punishment hearing. 

 We first review Menefee's factual sufficiency argument. The Court of Criminal
Appeals has recently restated the standard for reviewing factual sufficiency as follows:

 There is only one question to be answered in a factual-sufficiency review: 
Considering all of the evidence in a neutral light, was a jury rationally justified
in finding guilt beyond a reasonable doubt? However, there are two ways in
which the evidence may be insufficient. First, when considered by itself,
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt. Second, there may be both evidence supporting
the verdict and evidence contrary to the verdict. Weighing all the evidence
under this balancing scale, the contrary evidence may be strong enough that
the beyond-a-reasonable-doubt standard could not have been met, so the guilty
verdict should not stand. This standard acknowledges that evidence of guilt
can "preponderate" in favor of conviction but still be insufficient to prove the
elements of the crime beyond a reasonable doubt. Stated another way,
evidence supporting guilt can "outweigh" the contrary proof and still be
factually insufficient under a beyond-a-reasonable-doubt standard.

 

Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004) (footnote omitted). In a
factual sufficiency review, we must give due deference to the jury's determination concerning
the weight and credibility of the evidence, and we will reverse the jury's determination only
to arrest the occurrence of a manifest injustice. Brewer v. State, 126 S.W.3d 295, 297 (Tex.
App. -- Beaumont 2004, pet. ref'd) (citing Swearingen v. State, 101 S.W.3d 89, 97 (Tex.
Crim. App. 2003)).

 J.S., the victim, testified that on the evening of the incident, he was in his car when
Menefee approached and offered to buy marihuana for him. J.S. gave Menefee money to
purchase the marihuana, and then J.S. left the scene. After accepting J.S.'s money, Menefee
left to obtain the marihuana.

 Subsequently, a group of young men approached J.S.'s car. At J.S.'s invitation, three
young men entered his car and the young men began talking to each other. The two young
men in the backseat left the car and two other young men entered the backseat. The young
men began talking to J.S. and then started beating him. One of them held a knife to J.S.'s
throat and demanded his wallet. After taking J.S.'s wallet, they pulled him out of the car and
continued to beat him. The assailants eventually ran away, and J.S. entered his car and left. 
J.S. testified he did not know if Menefee participated in the assault or took his wallet because
he could not remember any of the attackers' faces. 

 Menefee testified he assaulted J.S. after returning to the scene. According to
Menefee, he overheard J.S. accuse two young men of stealing his money. When Menefee
observed J.S. grab one of the young men and attempt to pull the young man into his car,
Menefee "intervened" by hitting J.S. Menefee testified he hit J.S. to protect the two young
men. Menefee did not recall how many times he hit J.S., and he denied kicking J.S. 
Menefee testified he did not take J.S.'s wallet, but he admitted that he kept the money J.S.
had previously given him. Menefee admitted that he assaulted J.S. but denied robbing him. 


 On cross-examination, the State introduced a letter Menefee wrote to the district
attorney before trial. In the letter, Menefee claimed he and J.S. were in an apartment when
J.S. asked Menefee to sell him marihuana. Menefee asserted that J.S. willingly handed
Menefee his wallet to show that he was not a police officer. In the letter, Menefee indicated
a fight ensued after J.S. handed him his wallet.

 The State also introduced Menefee's testimony from the hearing on the State's motion
to revoke probation. At the hearing, Menefee testified to an encounter at an apartment,
during which J.S. gave him money to purchase marihuana. According to Menefee, he left
the apartment, and he returned to find his friends beating J.S. Menefee testified he did not
participate in the fight but may have hit J.S. once.

 At trial, Menefee testified he lied in the letter and at the revocation hearing. Menefee
testified that despite the inconsistency between his prior versions of the events, he was being
truthful at trial. 

 M.B. and A.D., both of whom were well acquainted with Menefee, testified they saw
Menefee assault J.S. M.B. could not recall how long she viewed the incident, and A.D.
testified he watched the fight for five to six minutes. M.B. viewed the incident from across
the street, and A.D. viewed the incident from fifteen yards away. Both witnesses testified
they watched Menefee and two other young men beat J.S. while he sat inside his car. Only
A.D. observed the young men pulling J.S. out of the car, but he did not know if Menefee was
among them. On cross-examination, A.D. testified he did not see Menefee hit J.S. while J.S.
was inside the car. A.D. admitted he did not focus his attention on any particular person. 

 Officer Michael J. McCulley of the Woodville Police Department investigated the
robbery. While investigating the scene of the crime, another officer saw two of the young
men with blood on their shirts and the officer detained them. Officer McCulley testified that
the same officer recovered J.S.'s wallet and its original contents several hundred feet from
the scene of the robbery. Menefee was subsequently arrested in Hardin County and returned
to Tyler County. 

 Menefee argues the evidence presented at trial to prove he was in the course of
committing theft of property was factually insufficient to support his conviction. First, he
contends the two witnesses who viewed the assault and identified him as a participant did not
view the entire incident. Next, he argues J.S. could not identify the person who put a knife
to his throat and took his wallet. Finally, Menefee argues that because the jury was not
charged regarding the law of parties, the State had to prove he committed each element of
robbery beyond a reasonable doubt.

 When a jury is not charged regarding the law of parties, a defendant may only be
convicted on the basis of his own conduct. Goff v. State, 931 S.W.2d 537, 544 (Tex. Crim.
App. 1996). We review the record to determine whether the evidence is sufficient to find
Menefee guilty of robbery based on his own conduct.

 A person commits a robbery if, (1) in the course of committing theft and (2) with the
intent to obtain or maintain control of the property, (3) he intentionally, knowingly, or
recklessly causes bodily injury to another. Tex. Pen. Code Ann. § 29.02 (Vernon 2003). 
The term "in the course of committing theft" means conduct that occurs in an attempt to
commit, during the commission of, or in immediate flight after the attempt or commission
of theft. Tex. Pen. Code Ann. § 29.01(1) (Vernon 2003). A theft occurs when one
unlawfully appropriates property with the intent to deprive the owner of the property. Tex.
Pen. Code Ann. § 31.03(a) (Vernon Supp. 2005). The intent to steal may be inferred from
circumstantial evidence and from the defendant's conduct. Maldonado v. State, 998 S.W.2d
239, 243 (Tex. Crim. App. 1999).

 The record indicates Menefee knew J.S. had money because J.S. gave him money to
purchase marihuana. When Menefee returned to J.S., he did not give J.S. any marihuana nor
did he return J.S.'s money. The jury could infer Menefee returned to get more money from
J.S. by stealing his wallet. During the assault, J.S.'s wallet was taken without his consent. 
The jury could further infer Menefee assaulted J.S. to steal the wallet. Menefee admitted
hitting J.S., and J.S. suffered injuries to his head and face. Despite Menefee's testimony that
he only assaulted J.S. to protect two young men, the jury was free to disbelieve Menefee's
testimony in light of the circumstances surrounding the assault and his prior inconsistent
statements.

 Reviewing all of the evidence in a neutral light, we cannot conclude that the proof of
Menefee's guilt is so obviously weak as to undermine confidence in the determination of the
jury, nor can we conclude that the proof of guilt is greatly outweighed by contrary proof. See
Zuniga, 144 S.W.3d at 484-85. Menefee's own conduct was sufficient for the jury to find
him guilty of robbery beyond a reasonable doubt. See Tex. Pen. Code Ann. § 29.02
(Vernon 2003). The evidence is factually sufficient to support the jury's verdict. Issue five
is overruled.

 In issue two, Menefee contends he received ineffective assistance of counsel because
his trial counsel failed to investigate and discover that the prior conviction used to enhance
his sentence was an unrevoked probated sentence. Menefee argues trial counsel's silence
regarding the enhancement issue reflects counsel was unaware of Texas enhancement law
and did not investigate the procedural history of the enhancement count. 

 The legal standard applicable to an ineffective assistance of counsel claim is set out
in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674
(1984). Menefee must first show trial counsel's performance was deficient. Id. at 687;
Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Specifically, Menefee must
prove, by a preponderance of the evidence, that trial counsel's representation fell below the
objective standard of professional norms. Mitchell, 68 S.W.3d at 642. Second, Menefee
must show that this deficient performance prejudiced his defense. Strickland, 466 U.S. at
687. "This means that the appellant must show a reasonable probability that, but for his
counsel's unprofessional errors, the result of the proceeding would have been different. A
reasonable probability is a probability sufficient to undermine confidence in the outcome." 
Mitchell, 68 S.W.3d at 642. 

 "Appellate review of defense counsel's representation is highly deferential and
presumes that counsel's actions fell within the wide range of reasonable and professional
assistance." Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). This deferential
standard applies to ineffective assistance that occurs during the punishment phase of trial. 
Flowers v. State, 133 S.W.3d 853, 856 (Tex. App. -- Beaumont 2004, no pet.) (citing
Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999)). 

 It is well settled that any claim of ineffective assistance must be firmly founded in the
record. See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "Under normal
circumstances, the record on direct appeal will not be sufficient to show that counsel's
representation was so deficient and so lacking in tactical or strategic decisionmaking as to
overcome the presumption that counsel's conduct was reasonable and professional." Bone,
77 S.W.3d at 833. 

 However, "when no reasonable trial strategy [can] justify the trial counsel's conduct,
counsel's performance falls below an objective standard of reasonableness as a matter of law,
regardless of whether the record adequately reflects the trial counsel's subjective reasons for
acting as [he] did." Andrews v. State, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). When
the record contains all the information needed to make a decision, we may find trial counsel's
performance to be deficient even when the record is silent as to counsel's trial strategy and
tactics. See id. at 102-03. 

 The first Strickland prong requires us to decide whether Menefee has shown trial
counsel's performance was deficient. Strickland, 466 U.S. at 687. The record indicates trial
counsel allowed Menefee to plead "true" and stipulate to the enhancement allegation. 

 For enhancement purposes, prior convictions must be final. Jordan v. State, 36
S.W.3d 871, 873 (Tex. Crim. App. 2001). A probated sentence is not a final conviction for
enhancement purposes unless it is revoked. Ex parte Langley, 833 S.W.2d 141, 143 (Tex.
Crim. App. 1992) (citing Ex parte Murchison, 560 S.W.2d 654, 656 (Tex. Crim. App.
1978)). The State's Exhibit No. 9, a penitentiary packet, shows Menefee received an April
12, 2002 theft conviction for 120 months, probated for 120 months. The penitentiary packet
also includes a September 13, 2002 judgment revoking the April 12, 2002 community
supervision. Thus, the prior felony theft conviction became final on September 13, 2002, the
date Menefee's probation was revoked. See Colvin v. State, 54 S.W.3d 82, 87 n.1 (Tex. App.
-- Texarkana 2001, no pet.) (noting the date a prior conviction becomes final is the date
community supervision is revoked).

 The jury charge and jury findings allowed Menefee's sentence to be enhanced
pursuant to the 1993 amendment of Tex. Pen. Code Ann. § 12.42 (b), which became
effective on September 1, 1994. See Act of May 31, 1993, 73rd Leg., R.S., ch. 900, § 1.01,
sec. 12.42, 1993 Tex. Gen. Laws 3586, 3604 (current version at Tex. Pen. Code Ann. §
12.42(b) (Vernon Supp. 2005)). When Menefee committed the primary offense, section
12.42(b) provided:

 If it is shown on the trial of a second-degree felony that the defendant has been
once before convicted of a felony, on conviction he shall be punished for a
first-degree felony.

Id. The Austin Court of Appeals has held the State has the burden to show a prior conviction
used to enhance punishment under section 12.42(b) (2)
 became final before the commission of
the primary offense. See Espinoza v. State, 843 S.W.2d 729, 731 (Tex. App. -- Austin 1992,
pet. ref'd) (citing Diremiggio v. State, 637 S.W.2d 926, 928 (Tex. Crim. App. 1982)). The
Austin Court of Appeals relied on case law resolving the analogous issue under section
12.42(c). See Espinoza, 843 S.W.2d at 731 (citing Diremiggio, 637 S.W.2d at 928); Tex.
Pen. Code Ann. § 12.42(c) (Vernon Supp. 2005). Section 12.42(c)(1), which contains
language similar to section 12.42(b), provides:

 [I]f it is shown on the trial of a first-degree felony that the defendant has been
once before convicted of a felony, on conviction he shall be punished by
imprisonment in the institutional division of the Texas Department of Criminal
Justice for life, or for any term not more than 99 years or less than 15 years. 


Tex. Pen. Code Ann. § 12.42 (c)(1) (Vernon Supp. 2005). 

 In Diremiggio, the defendant was sentenced as a repeat offender under section
12.42(c). (3) Diremiggio, 637 S.W.2d at 927 n.1; Act of May 23, 1973, 63rd Leg., R.S., ch.
399, § 1, sec. 12.42, 1973 Tex. Gen. Laws 883, 908 (current version at Tex. Pen. Code Ann.
§ 12.42 (c)(1) (Vernon Supp. 2005)). The Court of Criminal Appeals stated, 

 It is settled that the burden is on the State to make a prima facie showing that
any prior conviction alleged for enhancement, or for punishing an accused as
a repeat offender, became final before the commission of the primary offense,
and once such a showing is made, the burden shifts to the defendant to prove
otherwise.


Diremiggio, 637 S.W.2d at 928.

 Menefee pled "true" to the enhancement allegation and stipulated that on April 12,
2002, he had been convicted of a felony theft. The theft conviction had not become final
before the commission of the primary offense and could not be used to enhance Menefee's
punishment. See Diremiggio, 637 S.W.2d at 928. Because counsel allowed Menefee to
plead true and stipulate to the prior conviction, Menefee lost the ability to appeal his sentence
based on the sufficiency of the evidence used to enhance his punishment. See Smith v. State,
158 S.W.3d 463, 465 (Tex. Crim. App. 2005); Harvey v. State, 611 S.W.2d 108, 111 (Tex.
Crim. App. 1981). 

 Trial counsel had a duty to research Texas enhancement law, investigate Menefee's
case, and prevent Menefee from pleading "true" to the enhancement allegation. See, e.g.,
Andrews, 159 S.W.3d at 102. "This duty derives from counsel's function 'to make the
adversarial testing process work in the particular case.'" Id. (citing Strickland, 466 U.S. at
690). There can be no reasonable trial strategy for allowing Menefee to plead "true" to an
enhancement allegation that was in fact not true. We find trial counsel's performance fell
below an objective standard of reasonableness as a matter of law. See id. The first prong of
the Strickland test has been satisfied.

 We next decide whether under Strickland's second prong, trial counsel's deficient
performance prejudiced Menefee's defense. Strickland, 466 U.S. at 687. There is a
reasonable probability that but for trial counsel's error in allowing Menefee to plead "true"
and stipulate to the theft conviction, the result of the proceeding would have been different. 
See Mitchell, 68 S.W.3d at 642. Menefee's punishment was enhanced from a second-degree
felony carrying a punishment range of two to twenty years to a first-degree felony carrying
a punishment range of life or five to ninety-nine years. See Tex. Pen. Code Ann. §§
12.32(a), 12.33(a) (Vernon 2003). Menefee was sentenced to twenty-five years'
confinement, which is five years more than the maximum allowed for a second-degree
felony. See Tex. Pen. Code Ann. § 12.33(a) (Vernon 2003). 

 There is a reasonable probability that had trial counsel advised Menefee to plead "not
true" to the enhancement allegation, Menefee would have either received a sentence within
the punishment range allowed for second-degree robbery, or he would have been able to
challenge any sentence outside of the punishment range based on insufficient evidence. 
Because Menefee has demonstrated trial counsel's deficient performance prejudiced his
defense in the punishment phase, the second prong of the Strickland test is satisfied. Issue
two is sustained.

 Menefee's conviction for robbery is affirmed. Because we conclude counsel's
performance was deficient in the punishment hearing and Menefee was prejudiced by
counsel's deficient performance, we reverse the judgment of the trial court and remand for
a new punishment hearing. (4) See Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp.
2005).

 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.



 ________________________________

 HOLLIS HORTON

 Justice

Submitted on March 31, 2005

Opinion Delivered August 31, 2005

Publish


Before Gaultney, Kreger and Horton, JJ.
1. The enhancement statute applicable during the time of the primary robbery offense
was amended in 1993. See Act of May 31, 1993, 73rd Leg., R.S., ch. 900, § 1.01, sec. 12.42,
1993 Tex. Gen. Laws 3586, 3604 (current version at Tex. Pen. Code Ann. § 12.42(b)
(Vernon Supp. 2005)). Because there has not been a substantive change to section 12.42(b)
since its effective date, we will cite to the current version.
2. When Espinoza was decided, section 12.42(b) provided:


 If it be shown on the trial of a second-degree felony that the defendant has
been once before convicted of any felony, on conviction he shall be punished
for a first-degree felony.


Act of May 23, 1973, 63rd Leg., R.S., ch. 399, § 1, sec. 12.42, 1973 Tex. Gen. Laws 883,
908 (current version at Tex. Pen. Code Ann. § 12.42 (b) (Vernon Supp. 2005)).

3. When Diremiggio was decided, section 12.42(c) provided: 

 

 If it be shown on the trial of a first-degree felony that the defendant has been
once before convicted of any felony, on conviction he shall be punished by
confinement in the Texas Department of Corrections for life, or for any term
of not more than 99 years or less than 15 years. 

 

Diremiggio, 637 S.W.2d at 927 n.1 (citing Act of May 23, 1973, 63rd Leg., R.S., ch. 399, §
1, sec. 12.42, 1973 Tex. Gen. Laws 883, 908 (current version at Tex. Pen. Code Ann. §
12.42 (c)(1) (Vernon Supp. 2005)). 
4. Because our holding disposes of the remaining issues, we will not reach the merits
of Menefee's first, third, and fourth issues.