NO. 07-07-0396-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 18, 2008
_____

ADELAIDA E. TIJERINA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-416,214; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

_____**MEMORANDUM OPINION**

Appellant Adelaida E. Tijerina seeks a reversal of her sentence and remand of her cause for a new punishment hearing. The State joins appellant in her request. We reverse the judgment in part and remand to the trial court for a new punishment hearing.

Background

Appellant was convicted of the offense of driving while intoxicated, with two prior convictions for driving while intoxicated, making the offense a third degree felony.

Additionally, the State sought to enhance the charged offense with a prior felony offense, thus making the offense punishable as a second degree felony.

At the inception of the guilt-innocence phase of the trial, the State read the indictment along with the two prior convictions necessary for the jurisdictional requirements. Appellant pled true to the jurisdictional prior convictions. At the conclusion of the guilt-innocence phase of the jury trial, the jury found appellant guility of the offense. The trial then proceeded to the punishment phase. At the punishment phase, the State read the felony enhancement and introduced a pen packet demonstrating a prior felony conviction for driving while intoxicated. The jury found the enhancement true, making the offense punishable as a second degree felony, and returned a verdict of fifteen years confinement in the Institutional Division of the Texas Department of Criminal Justice.

Appellant now appeals raising five issues relating to the use and admission of the prior felony offense for enhancement purposes and has requested that the matter be remanded for a new hearing on punishment. The State, conceding that the prior felony offense involved an unrevoked probated sentence and should not have been used for enhancement purposes, has also filed a brief requesting that the case be remanded for a rehearing on punishment. See Diremiggio v. State, 637 S.W.2d 926, 928 (Tex. Crim. App. 1982).

Without reviewing the issues presented, we hereby grant appellant and the State the prayer requested and reverse the trial court's judgment as to punishment and remand this cause to the trial court for a rehearing on punishment. TEX. R. APP. P. 43.2(d).

Conclusion

We affirm the trial court's judgment of conviction, vacate the sentence imposed, and remand to the trial court for a new sentencing hearing. TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp. 2006).


Mackey K. Hancock
Justice


Do not publish.