IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-76,938-03




EX PARTE JOHN NELSON LANDRUM, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 007-0743-08-C IN THE 7TH DISTRICT COURT
FROM SMITH COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to eighteen years’ imprisonment. The Twelfth Court of Appeals dismissed his
appeal. Landrum v. State, No. 12-09-00096-CR (Tex. App.—Tyler 2010, no pet.).
            Applicant contends, among other things, that counsel rendered ineffective assistance because
she advised Applicant that if he insisted on a trial, his punishment would be enhanced to a first
degree felony. Tex. Pen. Code § 12.42(b). The trial court made findings of fact and conclusions
of law and determined that counsel was not ineffective. In its response, the State said that
Applicant’s Texas conviction for evading arrest and Louisiana conviction for attempted distribution
could have enhanced his punishment under § 12.42(b). As the State concedes, however, these
offenses were committed on the same day he committed the present offense. On this record, they
could not have enhanced his punishment since they were not final before he committed the present
offense. Diremiggio v. State, 637 S.W.2d 926, 928 (Tex. Crim. App. 1982). 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may order trial counsel to respond a second time to Applicant’s claim. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make further findings of fact and conclusions of law as to whether: (1)
Applicant had other convictions that were final before he committed the present offense and could
have enhanced his punishment under § 12.42(b); (2) counsel’s advice was deficient; and (3) but for
this advice, Applicant would have insisted on a trial. Hill v. Lockhart, 474 U.S. 52 (1985). The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed:  February 12, 2014
Do not publish