*1522-14*

CAUSE NO. PD-1522-14

ORIGINAL

IN THE

TEXAS COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 15 2015

Abel Acosta, Clerk

JOHN WESLEY PATTERSON, III,
                    Petitioner,

V.

THE STATE OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

JAN 23 2015

Abel Acosta, Clerk

ON PETITION FOR DISCRETIONARY REVIEW FROM

THE FIFTH SUPREME JUDICIAL COURT OF APPEALS

DALLAS COUNTY, TEXAS

CAUSE NO. 05-14-01098-CR

PETITION FOR DISCRETIONARY REVIEW

JOHN WESLEY PATTERSON, III 1375031
Petitioner pro se
Eastham Unit
2665 Prison Rd. #1
Lovelady, Texas 75851

# TABLE OF CONTENTS

INDEX OF AUTHORITIES............................................. ii

STATEMENT REGARDING ORAL ARGUMENT................................ ii

STATEMENT OF THE CASE........................................... 1

STATEMENT OF PROCEDURAL HISTORY................................. 1

GROUNDS FOR REVIEW............................................. 3

ARGUMENTS AND AUTHORITIES...................................... 3

PRAYER........................................................ 9

DECLARATION AND CERTIFICATE OF SERVICE......................... 9

## INDEX OF AUTHORITIES

CASE                                                                          PAGE

Ex parte Augustos, 639 S.W.2d 481 (Tex.Crim.App.1982............................ 5

Ex parte Benfield, 697 S.W.2d 420 (Tex.Crim.App.1986)........................... 5

Casias v. State, 503 S.W.2d 262, 263 (Tex.Crim.App.1973)....................... 2

Davis v. State, 968 S.W.2d 368, 372 (Tex.Crim.App.1998)........................ 6

Diremiggio v. State, 637 S.W.2d 926 (Tex.Crim.App.1982)........................ii

Ellis v. State, (Cr.App.38) 134 Tex.Crim. (115 S.W.2d 660).................... 3

Fletcher v. State, 214 S.W.3d 57 (Tex.Crim.App.2007).......................... 7

Hickman v. State, 548 S.W.2d 736 (Tex.Crim.App.1977).......................... 5

Jones v. State, 711 S.W.2d 634, 636 (Tex.Crim.App.1986)....................... 7

Jordon v. State, 256 S.W.3d 286, 292 (Tex.Crim.App.2008)...................... 7

Jordon v. State, 36 S.W.3d 671, 673 (Tex.Crim.App.2001)....................... 3

Menefee v. State, 175 S.W.3d 500, 506 (Tex.App.-Beaumont2005)................. ii

Ex parte Murchinson, 560 S.W.2d 654, 656 (Tex.Crim.App.1978)................. ii

Nolan v. State, 102 S.W.3 231, 243 (Tex.App,-Houston [14th Dist.]1903)....... 5

Ex paete Quidrke, 710 S.W.2d (Tex.Crim.App.1986)............................. 5

Rich v. State, 194 S.W.3d 508, 513 (Tex.Crim.App.2006)....................... 7

Scott v. State, 55 S.W.3d 593, 596 (Tex.Crim.App.2006)....................... 5

Skillerno v. State, 890 S.W.2d 849 (Tex.App.-Austin1994)..................... 3

Spiers v. State, 552 S.W.2d (Tex.Crim.App.1977)............................. 4

Ex parte Swell, 742 S.W.2d 393 (Tex.Crim.App.)............................... 5

Thomas v. Long, 207 S.W.3d 334, 340 (Tex.2006).............................. 7

Tomlin v. State, 722 S.W.2d 702, 705 (Tex.Crim.App.1987).................... 7

CONSTITUTIONAL

U.S. Constitution Amendments VI & XIX....................................... 4

Texas Constitution, Aet. I, §10........................................... 4-5

Texas Constitution, Art. V, §7............................................. 7

INDEX OF AUTHORITIES (cont.)

RULES AND ARTICALS

FEDERAL RULES OF EVIDENCE, Rule 201.......................................... 6

TEXAS CODE OF CRIMINAL PROCEDURE, ART. 42.03(1)(a)........................... 1

TEXAS RULES OF APPELLATE PROCEDURE, RULE 68.................................. 1

TEXAS RULES OF APPELLATE PROCEDURE, RULE 60.3............................... 1

TEXAS RULES OF APPELLATE PROCEDURE, RULE 25.2(a)(2).......................... 7

TEXAS RULES OF APPELLATE PROCEDURE, RULE 47.17.............................. 7

TEXAS CODE OF CRIMINAL PROCEDURE, ART. 42.03(1)(a)........................... 1

OTHER

TEXAS CIVIL PROCEDURE AND REMEDIES CODE, §132.001 et. seg.................... 9

STATEMENT REGARDING ORAL ARGUMENT

The Petitioner requests oral zrgument and appointmenttof counsel. This case requires reexamination of <u>Diremggio v. State</u>, 637 S,W,2d 926 (Tex.Crim.App. 1982), <u>Ex parte Langly</u>, 833 S.W.2d 141, 143 (Tex.Crim.App; 1992), <u>Exxpsrte Murchison</u>, 560 S.W.2d 654, 656 (Tex.Crim.App. 1978), and <u>Menefee v;vState</u>, 175 S.W.3d 500, 506 (Tex.App.-Beaumont 2005, no pet.), which created the distinction of the law on prior enhancements before 1997. Because this case reqires inquiry into multiple aspects of the cases herein, from preservation to application, and the latter fact-intensive, oral argument will be helpful to the Court.

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES JOH WESLEY PATTERSON, III, Petitioner, _pro se_, and pursuant to Tex.R.App.Proc., Rule 68, et. seq., presents this Petition for Discretionary Review and in support thereof, would show this Honorable Court as follows and respectfully asks the Court to grant the petition pursuant to Tex.R.App.Proc., Rule 60.3.

## STATEMENT OF THE CASE

On March 24, 2006, Mr. Patterson was found guilty in Cause No. 416-82554-05. Mr. Patterson was sentenced on May 22, 2006, and received a life sentence due to a single enhancement and on appeal to the 5th Court of Appeals and was affirmed, with a mandate showing the cause to be a conviction for a second degree felony not a first degree.

Mr. Patterson was bench warranted to the trial court where a hearing was held before the court, with Mr. Patterson not represented by counsel and the court made no ruling. However, the court later made a notation in the docket sheet that count 7 was a finding of guilty but the court made no mention of the 1st degree being reduced to a 2nd degree. The finding of an aquital was on Cause No. 416-82555-05.

At this time Mr. Patterson has a continuence of a life sentence showing by the Texas Department of Criminal Justice-Classification Division.

## STATEMENT OF PROCEDURAL HISTORY

On November 29, 2007, the court of appeals affirmed as modified Mr. Patterson' conviction, and remanded for modification on punishment. _Patterson v. State_, Nos. 05-06-00876-CR (Tex.App.-Dallas no pet), not designated for publication. On December 13, 2007, per order of the court (trial), but without counsel and without pronouncement. (See Tex.Cd.Crim.P., art 42.03(1)(a)(Vernon's Supp.2007)(providing that a felony sentence must be pronounced in the defendant's presence). _See also_

1

<u>Casias v. State</u>, 503 S.W.2d 262, 263 (Tex.Crim.App.1973)(Felony defendant may not waive the right to be present at sentencing).

On October 31, 2013, Mr. Patterson's <u>pro se</u> Petition for Writ of Mandamus was submitted to the 5th Court of Appeals. The Court of Appeals denied the mandamus. On November 6, 2003, Mr. Patterson submitted his Motion for Nunc Pro Tunc Ruling to the trial court for bench warrant for proper sentencing hearing, due to the trial court's refusal to issue a ruling on his motion. An order was entered December 2, 2013, in Cause No. 05-13-01534-CV by the appellate court reference the petition for mandamus wherein the court granted in part and denied in part with opinion denying the mandamus. On March 10, 2014, Mr. Patterson submitted his Motion to Vacate and Dismiss and set aside a prior void enhancement. On July 11, 2014, he filed his Motion Requesting Compliance with Texas Motion Ministerial Duties to the trial court. On July 16, 2014, Mr. Patterson submitted his motion requesting compliance to Texas motion ministerial duties.

On July 29, 2014, upon and order from the trial court denied Mr. Patterson's motion for nunc pro tunc ruling, motion to vacate and set aside a ruling and motion motion for compliance. On August 23, 2014, Mr. Patterson submitted his notice of appeal to the court of appeals and acknowledgement of receipt by the court September 3, 2014.

On September 19, 2014, Mr. Patterson submitted his Motion for Reconsideration and Rehearing to the 5th Court of Appeals. On September 23, 2014, the appellate court granted the extension to October 6, 2014, along with the State's time to respond by October 20, 2014. On October 14, 2014, by order of the appellate court, denied the motion for rehearing. The appellate court had already submitted their memorandum and opinion on September 3, 2014.

This Petition for Discretionary Review is due before the Court by February 12, 2015.

2

## GROUNDS FOR REVIEW

1. Did the trial court err by denying Mr. Patterson's Motion to Vacate and Dismiss and Set Aside Prior Void Enhancement without a hearing?

2. Did Mr. Patterson suffer actual and egregious harm from the enhancment submission of an1984 probated sentence that was suspended and probated and completed without revocation in 1991, at punishmabmt?

3. Did the trial court err by not pronouncing the new sentence on punishment as ordered by the appellate court in their affirmation and remand without Mr. Patterson present?

4. Did the trial court err by not ordering notification to the Texas Department of Criminal Justice-Classification Division of the modified or modification of the Mandate order?

## ARGUMENTS AND AUTHORITIES

1. Did the trial court err by denying Mr. Patterson's Motion to Vacate and Dismiss and Set Aside Prior Void Enhancement without a hearing?

2. Did Mr. Patterson suffer actual and egregious harm from the enhancment submission of a 1984 probated sentence that was suspended and probated and completed without revocation in 1991, at punishment?

When a petitioner argues, correctly, that there was not any evidence to support

the State's required elements of their Notice of Intent to Use a Prior Conviction

for Enhancement, he is asking the Court for review and fact finding on his motion

or hearing.

In Texas it is well settled that a probated sentence is not a final conviction

for enhancement purposes until it is revoked. See Ex parte Langly, 833 S.W.2d 141,

143 (Tex.Crim.App. 1992), cifting Ex parte Murchison, 560 S.W.2d 654, 656 Tex.Crim.

App. 1978)(For enhancement purposes, prior convictions must be final); Jordon v.

State, 36 S.W.3d 871, 873 (Tex.Crim.App. 2001). See also Skillerno v. State, 890

S.W.2d 849, 883 (Tex.App.-Austin 1994, no pet.)(Concluding that if the sentence

is suspended, then the conviction does not become final for purposes of enhancement).

"Where a suspended sentence is imposed [ss Mr. Patterson's was] the conviction may

not be relied on as a basis for punishing appellants as a habitual criminal." Ellis

v. State, (Cr.App. 1938) 134 Tex.Crim. 346 (115 S.W.2d 660).

Me. Patterson was harmed and he challenges avers the State's Notice of Intent
to Sentence him under the repeat offender provision under Tex.P.Cd.,§12.42(c)(2)
and its alleged paragraph of a probated probated as a prior finsl conviction.[1]
His enhancement to a life sentence was based on these Notices and the State reques-
ing the the Court to take judicial notice of the contents of the Court's file in
Cause number F84-215-M; (1984), in which the contents of that file were never pre-
sented or discussed in open court in his punishment hearing.  (See RR Vol. 8, Pg.
6, Lines 10-15) of the punishment hearing of May 23, 2006, in Cause Nos. 416-82554-
05 and 416-82555-05).  The State failed to make a _prima facie_ showing that the prior
alleged in the repeater paragraph was a final conviction and that it was a suspended
sentence and could not be used to increase the punishment. (See _Diremiggio st ii_
of this petition)(We accordingly hold that the state failed to make a _prima facie_
showing of finality").

In connection with §12.42 of the Texas Penal Code enhancement provisoin and
their predecessors, the courts have held uniformally that the prior conviction ;must
be a fimal conviction. (emphasis added). See _Jordan v. State,_ 36 S.W.3d 871, 873
(Tex.Crim.Appl 2001), citing _Langly, supra_; _Murchison, supra_, _Ex parted Menefee
v. State,_ 175 S.W.3d 500, 506 (Tex.App.-Beaumont 2005); _Spiers v. State,_ 552 S.W.2d
851 (Tex.Crim.App. 1977)(Showing suspended sentence was never revoked, and "absent
proof of conviction cannot be used for enhancement").

The State did not offer any proof that Mr. Patterson's probated suspended sen-
tence was a final conviction and that it could be used for enhancement purposes.
There was no evidence, no plea of true, but merely insufficient evidence to support
the enhancement reaching the level of violation of Due Process and Equal Protection
of the Law under the U.S. Constitution's 6th and 14th Amendments and the Texas

4

Constitution, Art. I, §10.

This Honorable Court has held in several cases that when the State seeks to have a defendant declared to be, and punished, as an "habitual offender" by so alleging in the indictment of notice of intent and attempting to establish those allegations during the punishment stage of the trial, and it is later found on appeal that the evidence is insufficiant to sustain the the enhancement paragraph allegations, the punishment is voidand the sentence will be set aside and the cause will be remanded to the trial court to reasse punishment.

The Texas Legislature has held thst if reversible error is found to exist in the punishment stage of the trial, the defendant will only receive a new trial on the issue of punishment. (Effective 70th Leg. ch. 179, pg. 2711, Section 1, now Art. 44.29(b), V.A.C.C.P). See Exparte Swell, 742 S.W.2d 393 (Tex.Crim.App.); Ex paete Benfield, 697 S.W.2d 420 (Tex.Crim.App. 1985); Ex parte Augustos, 639 S.W.2d 481 (Tex.Crim.App.1982); Hickman v. State, 548 S.W.2d 736 (Tex.Crim.App. 1977); Ex parte Quidrke, 710 S.W.2d (Tex.Crim.App. 1986).

Mr. Patterson avers that his prior cause was not available for enhancement purposes since he successfully served out his probation. Consequently, the enhancement, prior to the Texas Legislature's Acts 1997, 75th Leg., ch. 667, §7, wss not available for enhancement. See Scott v. State, 55 S.W.3d 593, 596 (Tex.Crim.App. 2006)("...An offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued for that purpose"). See also Nolan v. State, 102 S.W.3d 231, 243 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd)(John S. Anderson, Justice, concurring)("When the Legislature increases punishment by the removal of a statutory restriction, that increase violates the ban on ex post facto laws). Because section 12.42 increased Mr. Patterson's punishment by removing a restriction on the use of his 1984 offense, it is an ex post facto law. Before 1997, the suspended probated sentence was not

5

deemed a conviction under the repeater offender statute. See Davis v. State, 968 S.W.2d 368, 372 (Tex.Crim.App.1998).

Mr. Patterson continues to assert that the trial court erred and the State violated the federal constitutional prohibition against ex post facto laws by permitting the use of Mr. Patterson's 1984 suspended, probated sentence to enhance punishment under 12.42(c)(2) of the Texas Penal Code, which did not exist in 1984. Therefore, his lack of a conviction and non-finalty based on his completion of community supervision in 1991, was retroactively converted to a conviction by Tex. P.Cd. §12.42)(1) by the State. See Exhibit A. Once again, when the legislature increases punishment by the removal of a statutory restriction, that increase violates the ban on ex post facto in situations such as Mr. Patterson's. Nolan, supra.

Because §12,42(g)(1) increased Mr. Patterson's punishment by removing a restriction on the use of his 1984 offense, it is a violation of an ex post facto law. See Acts, 1975, 64th Leg. R.S. ch. 231, §1, sec, 3d(C), 1975 Tex.Gen.Laws 572, 573 [Specifically provided that a dismissal and discharge would not be deemed a conviction].

Mr. Patterson herein cites Perry v. State, Tex.App. Lexis 2935 (2009) at §IV, #2. The judgement in that case reveals on its face that Perry was sentenced to three years imprisonment, but such sentence was suspended and he was placed on probation. In Perry's case there was no evidence that Perry's probated senctence was ever revoked.

In Mr. Patterson's file of 1984 case there was no evidence that his probated sence was ever revoked. In fact the Docket Sheet shows that it was; not. (See Pg. 3 of Docket Sheet). The Perry case conviction was not final for enhancement purposes, as also Mr. Patterson's, and the State should not have been allowed to rely on that offense for enhancement. Where a defendant receives a probated sentence and that probation is never revoked the conviction is not final. In Mr. Patterson's

6

enhancement the State failed to make a _prima facia_ showing of finalty.

The proper remedy should be to vacate, set aside and dismiss the void enhancement. _Fletcher v. State_, 214 S.W.3d 57 (Tex.Crim.App.2007); _Jones v. State_, 711 S.W.2d 634, 736 (Tex.Crim.App. 1986).

In _Rich v. State_, S.W.3d 508, 513 (Tex.Crim.App. 2006), cac. and remanded)(stating that when there is error at the punishment phase, the case may be remanded for the proper assessment of punishment. The State conceded that the enhancement was improper and that the cause should be remanded for a new punishment hearing). _See also Tomlin v. State_, 722 S.W.2d 702, 705 (Tex,Crim.App. 1987); _Jordan v. State_, 256 S.W.3d 286, 292 (Tex.Crim.App. 2008)(stating the error may not be deemed harmless).

3. **Did the Court of Appeals err by dening Mr. Patterson Appeal for Want of Jurisdiction?**

In Texas, district court are courts of general jurisdiction with the power to hear and determine any cause that is cognizable by the courts oflaw or equity and to grant any relief that could be granted by eithercourts of law=or equity. _See Thomas v. Long_, 207 S.W.3d 334, 340 (Tex.2006)(stating "District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all action, proceeding, and remedies, except in cases where exclusive, appellate, original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal or administrative body"). See Tex. Courts V, 88.

The Court of Appeals in its memorsndum opinion and judgment on September 3, 2014, in the Appellant Cause No. 05-14-01098-CR and No. 05-14-01100-CR (At this time Mr. Patterson would ask this Honorable Court to take judicial notice pursuant to Fed.R.Evid., Rule 201 that since the Easthsm Unit of the TDCJ-CID does not allow prisoners to mske copies of documents, legal or otherwise and as such is unable to furnish the Court a copy of the court of appeals memorandum opinion) was dismissed for want of jurisdiction. Mr. Patterson avers that in the Court's opinion,

77

the court failed to cite or focus on any appellate procedure rules that would show, allude or conclude they lack jurisdiction over the appeals. The Tex.R.App.Proc. requires the courts of appeals to address "every issue raised and necessary to final disposition of the appeal." See Tex.R.App.Proc. 47.1. The court did not address every issue Mr. Patterson raised for review, herein. As stated and noted, court of appeals "the court of appeals [u]nder the provision of the 1980th Amendment to Art. V. Section 6 reads, the decision of said court [Courts of Appeals] shall be conclusive on all questions of fact brought before them on appeal or error." Tex. Const. art V§6.

In recognizing that the Texas Constitution gives the courts of appeals conclusive authority to determine the factual sufficiency of an affirmative claim or defense. The Texas Court of Criminal Appeals stated: "within Art. V, §6, operates to limit our jurisdiction and confers conclusive jurisdiction to the courts of appeals to resolve questions of weight and preponderance of the evidence adequate to prove a matter that the defendant must prove.

Moreover, when the courts of appeals are called upon to excercise their fact jurisdiction that it examine whether (the Appellant) prove his claim or defense or other fact issue where the law has designated thst the defendant has the burden of proof by a preponderance of the evidence, (the correct standard of review is whether after considering all the facts and evidence relevant to the issue at hand, the judgment is so against the great weight and prepondurance of the facts and evidence so as to be manifestly unjust). Therefore due to the Texas Constitution, Art. V, §6, Appellant avers that the Court of Appeals does have jurisdiction as the record will reveal his appeal is not reference to an application for writ of habeas corpus regarding a final conviction, but only asks the Court to review the improper ruling of the trial court reference to his foregoing motion.

Under Rule 25.2, Tex.R.App.P., a defendant may appeal any appealable order or judgment, such as in the instant case. Rule 25.2(a)(2).

8

## PRAYER

FOR ALL THE REASONS Mr. Patterson prays this Honorable Court will GRANT this Petition for Discretionary Review, appoint counsel and either grant relief or remand the cases back to the Court of Appeals for the Fifth Circuit for resolution of the issues.

So prayed this Petition will be granted in all things.

Respectfully submitted,

JOHN WESLEY PATTERSON, III 1375031
Petitioner pro se
Eastham Unit
2665 Prison Rd. #1
Lovelady, TX 75851


## DECLARATION/CERTIFICATE OF SERVICE

I, John Wesley Patterson, III, TDCJ-CID No. 1375031 being presently incarcerated in the Eastham Unit of the TDCJ-CID, in Houston County, Texas declare under penalty of purjury that the facts and statements in the above and foregoing Petition are true and correct pursuant to Texas Civil Procedures and Remedies Code, §132.001 et. seq.

I further declare and certify that a copy of the Petition has been forwarded on this the 10th day of January, 2014, first class, postpaid, addressed to: State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711.

Executed on this the 10th day of January, 2015.

JOHN WESLEY PATTERSON, III 1375031
Petitioner pro se

See Exhibit A and B in PD-7521-14
All The Same

EXHIBITS A & B



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-01098-CR
No. 05-14-01100-CR

JOHN WESLEY PATTERSON III, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court
Collin County, Texas
Trial Court Cause Nos. 416-82554-05, 416-82555-05

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Lewis
Opinion by Justice Francis

John Wesley Patterson was convicted of multiple counts of aggravated sexual assault of a child, sexual assault of a child, and indecency with a child, as alleged in separate counts in two indictments. On direct appeal, this Court modified the trial court's judgments to correct inaccuracies, and affirmed as modified. We also remanded for punishment as to one of the counts included in trial court no. 416-82554-05 and ordered the trial court to enter new judgments reflecting the modifications set out in our judgments. *Patterson v. State*, Nos. 05-06-00808-CR, 05-06-00876-CR (Tex. App.—Dallas Nov. 29, 2007, no pet.) (not designated for publication).

On November 13, 2013, appellant filed a "motion for nunc pro tunc ruling." On March 10, 2014, appellant filed a "motion to vacate and dismiss and set aside a prior void

enhancement." On July 16, 2014, appellant filed a "motion requesting compliance with Texas motion ministerial duties," in which he appears to be seeking a ruling on his "motion for nunc pro tunc ruling." On July 29, 2014, the trial court, by written order, denied appellant's pro se motions. These appeals followed. We conclude we lack jurisdiction over the appeals.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

An order denying a motion seeking nunc pro tunc relief is not appealable. *See Sanchez v. State*, 112 S.W.3d 311, 312 (Tex. App.—Corpus Christi 2003, no pet.) (per curiam); *Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, no pet.); *Allen v. State*, 20 S.W.3d 164, 165 (Tex. App.—Texarkana 2000, no pet.). *See also Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (appellate court lacked jurisdiction to review appeal order denying motion for additional time credit); *State v. Ross*, 953 S.W.2d 748, 752 (Tex. Crim. App. 1997) (suggesting mandamus proper way to challenge denial of nunc pro tunc judgment).

Moreover, appellant's "motion to vacate and dismiss and set aside a prior void enhancement" is, in substance, a collateral attack on the prior felony conviction used to enhance appellant's sentences and thus the sentences themselves. However, the post-conviction habeas corpus procedure set out in the Texas Code of Criminal Procedure is the sole procedure by which

–2–

to collaterally attack final felony convictions, and this Court does not have jurisdiction over post-conviction habeas corpus proceedings involving final felony convictions. *See* TEX. CODE CRIM. P. ANN. arts. 11.05, 11.07 (West 2005 & Supp. 2013).

Accordingly, we dismiss the appeals for want of jurisdiction.


Do Not Publish
TEX. R. APP. P. 47
141098F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JOHN WESLEY PATTERSON III,
Appellant

No. 05-14-01098-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-82554-05.
Opinion delivered by Justice Francis,
Justices Myers and Lewis participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered September 3, 2014



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JOHN WESLEY PATTERSON III,
Appellant

No. 05-14-01100-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-82555-05.
Opinion delivered by Justice Francis,
Justices Myers and Lewis participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered September 3, 2014