

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-90,248-01 & WR-90,248-02

### EX PARTE STEVEN MAJID HAMIDI, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR2014-014-001 & CR2014-015-001
### IN THE 207TH DISTRICT COURT FROM COMAL COUNTY

*Per curiam*. YEARY, J., filed a dissenting opinion in which SLAUGHTER, J. joined.

## O R D E R

Applicant pleaded guilty to retaliation and aggravated robbery and was sentenced to thirty years' imprisonment for each charge. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because trial counsel allowed him to plead true to enhancement convictions from foreign jurisdictions that, at the time of the prosecution, were not legally eligible to enhance these charges based on the law applicable in the enhancement conviction's jurisdiction. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Diremiggio v. State*, 637 S.W.2d 926, 928–29 (Tex.

Crim. App. 1982). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to provide a supplemental response to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall make specific findings addressing how counsel advised Applicant about the applicable punishment range, and whether counsel obtained a ruling on his motion to quash the indictment. The trial court shall make further specific findings determining whether the enhancement allegations were final and eligible as enhancements under the law of the jurisdiction of conviction. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the records developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 14, 2021
Do not publish