NATIONAL SAVINGS & LOAN ASSOCIATION *v.* COOK.

Opinion delivered March 23, 1931.

*Owens & Ehrman* and *Ada Marett Carter,* for appellant.

*John Baxter,* for appellee.

HUMPHREYS, J. This is an appeal from the decree of the chancery court of Desha County, reforming a deed executed by appellees, Ben E. and Jennie Mae Cook, to appellees, A. O. and Grace Roscher, of date August 17, 1929, so as to make it read that the land therein described was conveyed by the Roschers subject to the mortgage lien in favor of appellant for $4,000 instead of reading that the Roschers assumed and agreed to pay the mortgage indebtedness to appellant.

In the mortgage foreclosure proceedings, appellant made the Roschers parties defendant and prayed for a personal judgment against them on the ground that, as a part of the consideration for the property, they agreed with the Cooks to assume the payment of said mortgage indebtedness to appellant. The deed from the Cooks to the Roschers was made an exhibit to appellant's complaint, and it contained a recital to that effect.

The Roschers interposed the defense to the prayer for a personal judgment against them that they bought the property subject to appellant's mortgage, and did not assume and agree to pay the mortgage indebtedness as a part of the consideration therefor.

This formed the only issue between appellant and the Roschers in the trial of the foreclosure proceedings and is the only issue involved on this appeal.

There is a conflict in the testimony of Ben E. Cook and A. O. Roscher relative to the contract of sale and purchase of the property. A. O. Roscher testified that he bought the property from the Cooks for $1,125, subject to appellant's mortgage. Ben E. Cook testified that he sold the property to the Roschers for $1,125 and the assumption of appellant's mortgage.

The record reflects, according to the undisputed testimony, that, after Cook and Roscher entered into the oral contract for the sale and purchase of the property, A. O. Roscher had his attorneys prepare a deed on a blank form for the Cooks to execute to him and his wife. Immediately after the description of the property, the following typewritten recital appears in the deed:

"Subject, however, to a first mortgage held by the National Savings & Loan Association of Little Rock, Arkansas, which mortgage debt it is expressly stipulated the grantees do not assume or agree to pay."

Roscher then mailed the deed, together with a written memorandum of the oral agreement signed by himself, to Ben E. Cook. At the bottom of the memorandum,

Roscher requested Cook to O. K. and to execute and return the deed to him.

Ben E. Cook received the deed and memorandum. He construed the words "subject to the mortgage" as an obligation by the Roschers to pay the mortgage indebtedness. He therefore changed, in ink, the wording of the deed by striking out the word "not" and by inserting the word "and" in place of the word "or" in said clause so as to make the clause in the deed read as follows:

"Subject, however, to a first mortgage held by the National Savings & Loan Association of Little Rock, Arkansas, which mortgage debt it is expressly stipulated the grantees do assume and agree to pay."

A. O. Roscher filed the deed for record without re-reading it, under the impression and belief that it had been executed as originally written by his attorney. After being recorded, he retained the deed without discovering any change in the wording until this suit was brought.

The failure of Ben E. Cook to call the attention of A. O. Roscher to the change he made in the wording of the deed when he returned same and the failure of A. O. Roscher to discover that a material change had been made in the deed before the execution thereof, brings the instant case within the wholesome rule announced by this court in the case of *Bradley* v. *Minton,* 159 Ark. 659, 252 S. W. 921. The trial court correctly applied the rule announced in the Minton case, *supra,* to the facts in the instant case in reforming the deed.

The decree is therefore affirmed.

McHANEY, J., disqualified and not participating.