1521-14

CAUSE NO. PD-1521-14

ORIGINAL

IN THE

TEXAS COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 15 2015

Abel Acosta, Clerk

JOHN WESLEY PATTERSON, III,
          Petitioner,

v.

THE STATE OF TEXAS
          Respondent.

FILED IN
COURT OF CRIMINAL APPEALS

JAN 23 2015

Abel Acosta, Clerk

ON PETITION FOR DISCRETIONARY REVIEW FROM

THE FIFTH SUPREME JUDICIAL COURT OF APPEALS

DALLAS COUNTY, TEXAS

CAUSE NO. 05-14-01098-CR

PETITION FOR DISCRETIONARY REVIEW

JOHN WESLEY PATTERSON, III 1375031
Petitioner pro se
Eastham Unit
2665 Prison Rd. #1
Lovelady, Texas 75851

## TABLE OF CONTENTS

INDEX OF AUTHORITIES......................................... i.

STATEMENT REGARDING ORAL ARGUMENT.................................. ii

STATEMENT OF THE CASE........................................... 1

STATEMENT OF PROCEDURAL HISTORY.................................. ii

GROUNDS FOR REVIEW............................................. 3

ARGUMENTS AND AUTHORITIES...................................... 3

PRAYER......................................................... 9

DECLARATION AND CERTIFICATE OF SERVICE.......................... 9

# INDEX OF AUTHORITIES

CASE                                                                    PAGE

Ex parte Augustos, 639 S.W.2d 481 (Tex.Crim.App.) 1982 ..................... 5

Ex parte Benfield, 697 S.W.2d 420 (Tex.Crim.App.) 1986 .................... 5

Casias v. State, 503 S.W.2d 262, 263 (Tex.Crim.App.1973).................... 2

Davis v. State, 968 S.W.2d 368, 372 (Tex.Crim.App.1998).................... 6

Diremiggio v. State, 637 S.W.2d 926 (Tex.Crim.App.1982)................... ii

Ellis v. State, (Cr.App.38) 134 Tex.Crim.(115 S.W.2d 660)................. 3

Fletcher v. State, 214 S.W.3d 57 (Tex.Crim.App.2007)...................... 7

Hickman v. State, 548 S.W.2d 736 (Tex.Crim.App.1977)...................... 5

Jones v. State, 711 S.W.2d 634, 636 (Tex.Crim.App.1986)................... 7

Jordon v. State, 256 S.W.3d 286, 292 (Tex.Crim.App.2008).................. 7

Jordon v. State, 36 S.W.3d 671, 673 (Tex.Crim.App.2001)................... 3

Menefee v. State, 175 S.W.3d 500, 506 (Tex.App.-Beaumont2005)............. ii

Ex parte Murchinson, 560 S.W.2d 654, 656 (Tex.Crim.App.1978).............ii

Nolan v. State, 102 S.W.3d 231, 243 (Tex.App.-Houston [14th Dist.]2003)..... 5

Ex parte Quidrke, 710 S.W.2d (Tex.Crim.App.1986)......................... 5

Rich v. State, 194 S.W.3d 508, 513 (Tex.Crim.App.2006).....................7

Scott v. State, 55 S.W.3d 593, 596 (Tex.Crim.App.2001).................... 5

Skillerno v. State, 890 S.W.2d 849 (Tex.App.-Austin1994).................. 3

Spiers v. State, 552 S.W.2d (Tex.Crim.App.1977).......................... 4

Ex parte Swell, 742 S.W.2d 393 (Tex.Crim.App.)........................... 5

Thomas v. Long, 207 S.W.3d 334, 340 (Tex.2006)........................... 7

Tomlin v. State, 722 S.W.2d 702, 705 (Tex.Crim.App.1987)................. 7

CONSTITUTIONAL

U.S. Constitution Amendments VI & XIX.................................... 4

Texas Constitution, Art. I, §10........................................ 4-5

Texas Constitution, Art. V, §7.......................................... 7

INDEX OF AUTHORITIES (cont.)

RULES AND ARTICLES

FEDERAL RULES OF EVIDENCE, RULE 201........................................ 6

TEXAS CODE OF CRIMINAL PROCEDURE, ART. 42.03(1)(a)........................ 1

TEXAS RULES OF APPELLATE ORICEDURE, RULE 68............................... 1

TEXAS RULES OF APPELLATE PROCEDURE, RULE 60.3............................ i

TEXAS RULES OF APPELLATE PROCEDURE, RULE 25.2(a)(2)...................... 7

TEXAS RULES OF APPELLATE PROCEDURE, RULE 47.17.......................... 7

TEXAS CODE OF CRIMINAL PROCEDURE, ART. 42.03(1)(a)...................... 1

OTHER

TEXAS CIVIL PROCEDURE AND REMEDIES CODE, §132,001 et,seg,............... 9

The Petitioner requests oral argument and appointment of counsel. This case requires reexamination of <u>Diremiggio v. State</u>, 637 S.W.2d 926 (Tex.Crim.App., 1982), <u>Ex parte Langly</u>, 833 S.W.2d 141, 143 (Tex.Crim.App. 1992), <u>Ex parte Murchison</u>, 560 S.W.2d 654, 656 (Tex.Crim.App. 1978), and <u>Menefee v. State</u>, 175 S.W.3d 500, 506 (Tex.App.-Beaumont 2005, no pet.), which created the distinction of the law on prior enhancements before 1997. Because this case requires inquiry into multiple aspects of the cases herein, from preservation to application, and the latter fact-intensive, oral argument will be helpful to the Court.

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES JOHN WESLEY PATTERSON, III, Petitioner, pro se, and pursuant to Tex.R.App.Proc., Rule 68, et. seq., presents this Petition for Discretionary Review and in support thereof, whould show this Honorable Court as follows and respectfully asks the Court to grant the petition pursuant to Tex.R.App.Proc., Rule 60.3

## STATEMENT OF THE CASE

On March 24, 2006, Mr. Patterson was found guilty in Cause No. 416-82554-05. Mr. Patterson was sentenced on May 22, 2006, and received a life sentence due to a single enhancement and on appeal to the 5rh Court of Appeals;and was affirmed with a mandate showing the cause to be a;convetion for a second degree felony, not a first degree.

Mr. Patterson was bench warranted to the trial court where a hearing was held before the court, with Mr. Patterson not represented by counsel and the court made no ruling. However, the court later made a notation in the docket sheet that :count 7 was a finding of not guilty but the court made no mention of the 1st degree being reduced to a 2nd degree. The trial court's Clerk's summary sheet to the Court of Criminal Appeals reflects that both counts;have reduced to a 2nd degree felony.

At this time Mr. Patterson has a continuance of a life sentence showing by the Texas Department of Criminal Justice;Classification Division.

## STATEMENT OF PROCEDURAL HISTORY

On November 29, 2007, the court of appeals affirmed as modified Mr. Patterson's conviction, and remanded for modification on punishment. Patteerson v. State, No. 05-06-00876-CR (Tex.App.-Dallas, no pet), not designated for publication. On December 13, 2007, per order of the court (trial) but without counsel and without pronouncement. (See Tex.Cd.Crim.P., ar 42.03(1)(a)(Vernon's Supp.2007)(providing that a felony sentence must be pronounced in the defendant's presence). See also

1

<u>Casias v. State</u>, 503 S.W.2d 262, 263 (Tex.Crim.App.1973)(Felony defendant may not waive the right to be present at sentencing).

On October 31, 2013, Mr. Patterson proose Petition for Writ of Mandamus ; was submitted to the 5th Court of Appeals. The Court of Appeals denied the mandamus. On November 6, 2003, Mr. Patterson submitted his Motion for Nunc Pro Tunc Ruling to the trial court for bench warrant for proper sentencing, due to the trial court's refusal to issue a ruling on his motion. An order was entered December 2, 2013, in Cause No. 05-13-01534-CV by the appellate court reference the petition for mandamus wherein the court granted in part and denied in part with opinion denying the mandamus. On March 10, 2014, Mr. Patterson submitted his Motion to Vacate and Dismiss and set aside a prior void enhancement. On July 11, 2014, he filed his Motion Requesting Compliance with Texas Motion Ministerial Duties to the trial court. On July 16, 2014, Mr. Patterson submitted his motion requesting compliance to Texas motion ministerial duties.

On July 29, 2014, upon an order from the trial court denied Mr. Patterson's motion for nunc pro tunc ruling, motion to vacate and set aside a ruling and motion for compliance. On August 23, 2014, Mr. Patterson submitted his notice of appeal to the court of appeals and acknowledgement of receipt by the court September 3, 2014.

On September 19, 2014, Mr. Patterson submitted his Motion for Reconsideration and Reharing to the 5th Court of Appeals. On September 23, 2014, the appellate court granted the extension to October 6, 2014, along with the State's time to respond by October 20, 2014. On October 14, 2014, by order of the appellate court, denied the motion for rehearing. The appellate court had already submitted their memorandum and opinion on September 3, 2014.

This Petition for Discretionary Review is due before the Court by January 12, 2015.

2

## GROUNDS FOR REVIEW

1. Did the trial court err by denying Mr. Patterson's Motion to Vacate and dismiss and Set Aside Prior Void Enhancement without a hearing?

2. Did Mr. Patterson suffer actual and egregious harm from the enhancement submission of an 1984 probated sentence that was suspended and probatedand complete without revocation in 1991, at punishment?

3. Did the trial court err by not pronouncing the new sentence on punishment as ordered by the appellate court in their affirmation and remand without Mr. Patterson present?

4. Did the trial court err by not ordering notification to the Texas Department of Criminal Justice-Classification Division of the modified or modification of the Mandate orders?

## ARGUMENTS AND ATHORITIES

1. Did the trial court err by denying Mr. Patterson's Motion to Vacate and Dismiss and Set Aside Prior Void Enhancement without a heasring?

2. Did Mr. Pa;tterson suffer actual and egregious harm from the enhancement submission of a 1984 probated sentence that was suspended and probated and completed without revocation in 1991, at punishment?

When a petitioner argues, correctly, that there was not any evidence to support the State's required elements of their Notice of Intent to Use a Prior Conviction for Enhancement, he is asking the Court for review and fact findings on his motion or hearing.

In Texas it is well settled thst a probated sentence is not a final conviction for enhancement purposes until it is revoked. See Ex parte Langly, 833 S.W.2d 141, 143 (Tex.Crim.App. 1993), citing Ex parte Murchison, 560 S.W.2d 654, 656 (Tex.Crim. App. 1978)(For enhancement purposes, prior convictions must be final); Jordon v. State, 36 S.W.3d 671, 873 (Tex.Crim.App.)2001). See also Skillerno v. State, 890 S.W.2d 849, 8 9 (Tex.App.-Austin 1994, no pet.)(Concluding that if the sentence is suspended, then the conviction does not become final for purposes of enhancement). "Where a suspended sentence is imposed [as Mr. Patterson's was] the conviction may not be relied on as a basis for punishing appellants as a habitual criminal.") Ellis v/State; (Cr.App. 1938) 134 Tex.Crim. 346 (115 S.W.2d 660).

3

Mr. Patterson was harmed and he challenges and avers the State's Notice of Intent to Sentence him under the repeat offender provision under Tex.P.Cd., §12.42 (c)(2) and its alleged paragraph of a probated sentence as a prior final conviction.[1] His enhancement to a life sentence was based on these Notices and the State requesting the Court to take judicial notice of the contents of the Court's file in Cause number F84-215-M, (1984), in which the contents of that file were never presented or discussed in open court in his punishment hearing. (See Rr Vol. 8, Pg. 6, LInes 10-15) of the punishment hearing of May 23, 2006, in Cause Nos. 416-82554-05 and 416-82555-05). The State failed to make a _prima facie_ showing thst the prior alleged in the repeater paragraph was a final conviction and that it wzs suspended sentence and could not be used to increase the punishment. (See _Diremiggio_ at ii of this petition).(We accordingly hold that the state failed to make a _prima facie_ showing of finality).

In connection with §12.42 of the Texas Penal Code enhancement provision and their predecesssors, the courts have held uniformlyy that the prior conviction **must** be a final convition. (emphasis added) See Jordan v. State, 36 S.W.3d 871, 873 (Tex.Crim.App. 2001), citing Langly, supra; Murchison, supra, Ex parte Menefee v. State, 175 S.W.3d 500, 506 (Tex.App-Beaumont 2005); Spiers ;v. State, 552 S.W.2d 851 (Tex.Crim.App. 1977)(Showing suspended sentence wss never revoked, and "sbsent proof of conviction cannot be used for enhancement).

The State did not offer any proof that Mr. Pstterson's probated suspended sentence was a final conviction and that it could be used for enhancement purposes. There was no evidence, no plea of true, but merely insufficient evidence to support the enhancement reaching the level of violation of Due Process and Equal Protection of the Law under the U.S. Constitution's 6th and 14th Amendments and the Texas

Constitution, Art. I, §10.

This Honorable Court has held in several cases thst when the State seeks to have a defendant declared to be, and punished, as an "hsbitusal criminsl" by so alleging in the indictment of notice of intent and attempting to establish those allegations during the punishment stage of the trial, and it is later found on appeal thst the evidence is insufficient to sustain the enhancement paragraph allegations, the punishment is void and the sentence will be set aside and the cause will be remsanded to the trial court to reassese punishment.

The Texas Legislature has held that if reversible error is found to exist in the punishment stage of the trial, the defendant will only receive a new trisl on the issue of punishment. (Effective 70th Leg. ch. 179, pg. 2711, Section 1, now Art. 44.29(b), V.A.C.C.P.). See Ex parte Swell, 742 S.W.2d 393 (Tex.Crim.App.); Ex parte Benfield, 697 S.W.2d 420 (Tex.Crim.App. 1986); Ex parte Augustos, 639 S.W.2d 481 (Tex.Crim.App. 1982); Hickman v. State 548 S.W.2d 736 (Tex.Crim.App 1977); Ex parte Quidrke, 710 S.W.2d (Tex.Crim.App. 1986).

Mr. Patterson avers that his prior cause wss not available for ehhancement purposes since he successfully served out his probation. Consequently, the enhance-ment, prior to the Texas Legislature's Acts 1997, 75th Leg., ch. 667, §7, was not available for enhancement. See Scott v. State, 55 S.W.3d 593, 596 (Tex.Crim.App. 2006)("...An offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is contin-ued for that purpose"). See slso Nolan v. State, 102 S.W.3d 231, 243 (Tex.App.- Houston [14th Dist.] 2003, pet. ref'd)(John S. Amderson, Justice concurring)("When the Legislature increaes punishment by the removal of a ststutory restriction, thst increase violates the ban on ex post facto laws). Because section 12.42 increased Mr. Pstterson's punishment by removing a restriction on the use of his 1984 offense, it is an ex post facto law. Before 1997, the suspended probated sentence was not

5

deemed a conviction under the repeater offender statute. See Davis v. State, 968 S.W.2d 368, 372 (Tex.Crim.App.1998).

Mr. Patterson continues to assert that the trial court erred and the State violated the federal constitutional prohibition against ex post facto laws by permitting the use of Mr. Patterson's 1984 suspended, probated sentence to enhance punishment under 12.42(c)(2) of the Texas Penal Code, which did not exist in 1984. Therefore, his lack of a conviction and non-finalty based on his completion of community supervision in 1991, was retroactively converted to a conviction by Tex. P.Cd. §12.42(G)(1) by the State. See Exhibit A. Once again, when the legislature increases punishment by the removal of a statutory restriction, that increase violates the ban on ex post facto in situations such as Mr. Patterson's. Nolan, supra.

Because §12.42(G)(1) increased Mr. Patterson's punishment by removing a restriction on the use of his 1984 offense, it is a violation of an ex post facto law. See Acts, 1975, 64th Leg. R.S. ch. 231, §1, sec. 3d(C), 1975 Tex.Gen.Laws 572, 573 [Specifically provided that a dismissal and discharge would not be deemed a conviction].

Mr. Patterson herein cites Perry v. State, Tex.App. Lexis 2935 (2009) at §IV, #2. The judgment in that case reveals on its face that Perry was sentenced to three years imprisonment, but such sentence was suspended and he was place on probation. In Perry's case there was no evidence that Perry's probated sentence was ever revoked.

In Mr. Patterson's file of 1984 case there was no evidence that his probated sentence was ever revoked. In fact the Docket Sheet shows that it was not. (See Pg. 3 of Docket Sheet). The Perry case conviction was not final for enhancement purposes, as also Mr. Patterson's and the State should not have been allowed to rely on that offense for enhancement. Where a defendant receives a probated sentence and that probation is never revoked the conviction is not final. In Mr. Patterson's

6

enhancement the State failed to make a _prima_ _facia_ showing of finality.

The proper remedy should be to vacate, set aside and dismiss the void enhancement. _Fletcher v. State_, 214 S.W.3d 57 (Tex.Crim.App.2007); _Jones v. State_, 711 S.W.2d 634, 636 (Tex.Crim.App. 1986).

In _Rich v. State_, 194 S.W.3d 508, 513 (Tex.Crim.App. 2006), vac. and remanded) (stating that when there is error at the punishment phase, the case may be remanded for the proper assessment of punishment. The State conceded that the enhancement was improper and that the cause should be remanded for a new punishment hearing). See also _Tomlin v. State_, 722 S.W.2d 702, 705 (Tex.Crim.App. 1987); _Jordan v. State_, 256 S.W.3d 286, 292 (Tex.Crim.App. 2008)(stating the error may not be deemed harmless).

**3. Did the Court of Appeals err by denying Mr. Patterson's Appeal for Want of Jurisdiction?**

In Texas, district courts are courts of general jurisdiction with the power to hear and determine any cause that is cognizable by the courts of law or equity and to grant relief that could be granted by either courts of law or equity. See _Thomas v. LOng_, 207 S.W.3d 334, 340 (Tex.2006)(stating "District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all action, proceeding, and remedies, except in cases where exclusive, appellate, original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal or administrative body"). See Tex. Courts V, 88.

The Court of Appeals in its memorandum opinion and judgment on September 3, 2014, in the Appellant Cause No. 05-14-01098-CR and No. 05-14-01100-CR (At this time Mr. Patterson would ask this Honorable Court to take judicial notice pursuant to Fed.R.Evis., Rule 201 that since the Eastham Unit of the TDCJ-CID does not allow prisoners t make copies of documents, legal or otherwise and as such is unable to furnish the Court a copy of the court of appeals memorandum opinion) was dismissed for want of jurisdiction. Mr. Patterson avers that in the Court's opinion,

7

the court failed to cite or focus on an appellate procedure rules that would show, allude or conclude they lack jurisdiction over the appeals. The Tex.R.app.Proc. requires the courts of appeals to _address_ "every issue raised and necessary to final disposition of the appeal." See Tex.R.App.Proc. 47.1. The court did not address every issue Mr. Patterson raised for review, herein. As stated and noted, court of appeals "the court of appeals [u]nder the provision of the 1980th Amendment to Art. V, Section 6 reads, the decison of said court [Courts of Appeals[

shall be conclusive on all questions of fact brought before them on appeal or error." Tex. Const. art V §6.

In recognizing that the Texas Constitution gives the courts of appeals conclusive authority to determine the factual sufficiency of an affirmative claim or defense. The Texas Court of Criminal Appeals stated: "Within Art. V, §6, operates to limit our jurisdiction and confers conclusive jurisdiction to the courts of appeals to resolve questions of weight and preponderance of the evidence adequate to prove a matter that the defendant must prove."

Moreover, when the courts of appeals are called upon to excercise their fact jurisdiction that it examine whether (the Appellant) prove his claim or defense or other fact issue where the law has designated that the defendant has the burden of proof by a preponderance of the evidence, (the correct standard of review is whether after considering all the facts and evidence relevant to the issue at hand, the judgment is so against the greate weight and prepondurance of the facts and evidence so as to be manifestly unjust). Therefore due to the Texas Constitution, Art. V, §6, Mr. Patterson avers that the Court of Appeals does have jurisdiction as the record will reveal his appeal is not reference to an application for writ of habeas corpus regarding a final conviction, but only asks the Court to review the improperruling of the trial court reference to his foregoing motion.

Under Rule 25.2, Tex,R.App.P., a defendant may appeal any appealable order or judgment, such as in the instant case. Rule 25.2(a)(2).

8

## PRAYER

FOR ALL THE REASONS Mr. Patterson prays this Honorable Court will GRANT this Petition for Discretionary Review, appoint counsel and either grant relief or re- mand the cases back to the Court of Appeals for the Fifth Circuit for resolution of the issues.

So prayed this Petition will be granted in all things.

Respectfully submitted,

JOHN WESLEY PATTERSON, III 1375031
Petitioner pro se
Eastham Unit
2665 Prison Rd. #1
Lovelady, TX 75851

## DECLARATION/CERTIFICATE OF SERVICE

I, John Wesley Patterson, III, TDCJ-CID No. 1375031, being presently incarcerated in the Eastham Unit of the TDCJ-CID. in Houston County, Texas, declare under penalty of purjury that the facts and statements in the above and foregoing Petition are true and correct pursuant to Texas Civil Procedures and Remedies Code, §132.001 et. seq.

I further declare and certify that a copy of the Petition has been forwarded on this the 10th day of January, 2014, first class postpaid, addressed to: State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711.

Executed on this the 10th day of January, 2015.

JOHN WESLEY PATTERSON, III 1375031
Petitioner pro se

SAME For PD-1522-14

EXHIBITS A & B

No. 416-82554-05
416-82554-05

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 416TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| JOHN WESLEY PATTERSON | § | COLLIN COUNTY, TEXAS |

## STATE'S NOTICE OF INTENT TO USE PRIOR CONVICTIONS FOR

## ENHANCEMENT

Pursuant to § 12.42 and §12.35 of the Texas Penal Code, comes now, the State of Texas, by and through its Assistant Criminal District Attorney and hereby gives the defense formal notice of its intent to present evidence of the following convictions in the trial of the above-styled and numbered cause for the purpose of enhancing the applicable range of punishment. The following final convictions occurred prior to the commission of the above numbered offense now pending.

| Offense | Cause no. | County, State | Disposition |
|---|---|---|---|
| Sexual Assault of Lori Laughlin | F-84-215-M | Collin County, Texas | 6 years probated 6 years |

The above mentioned offenses are convictions the State intends to use for enhancement purposes in the trial of this cause. They are not intended to be an all-inclusive list of punishment evidence the State intends to offer.

Respectfully submitted,

Kristi Tyler
Assistant Criminal District Attorney
Collin County, Texas
Bar No. 24031717

## Certificate of Service

This is to certify that a true and correct copy of the State's Notice of Intent to use Prior Convictions for Enhancement was mailed certified on the ___4th___ day of ___November___, 2005, to the defendant's attorney, Alan K. Taggart, 117 South Tennessee, McKinney, Texas 75069 and via fax to 972-547-6185.

Respectfully submitted,

Kristi Tyler
Assistant Criminal District Attorney
Collin County, Texas
Bar No. 24031717



*Exhibit B*

NO. <u>416-82554-05</u>
<u>416-82555-05</u>
<u>296-81371-03</u>
<u>296-81372-03</u>

| STATE OF TEXAS | § | IN THE 416th |
|---|---|---|
| VS. | § | DISTRICT COURT |
| JOHN WESLEY PATTERSON | § | COLLIN COUNTY, TEXAS |

<u>STATE'S NOTICE OF INTENT TO SENTENCE DEFENDANT UNDER THE REPEAT
OFFENDER PROVISION OF TPC 12.42(c)(2)</u>

COMES NOW, THE STATE OF TEXAS, and announces her intention to present evidence from which the Defendant, JOHN WESLEY PATTERSON, may be sentenced under the repeat offender provision of TPC 12.42(c)(2), setting the punishment at confinement for LIFE in the Institutional Division of the Texas Department of Criminal Justice. The prior felony conviction which the State plans to introduce into evidence is as follows:

1. **On July 11, 1985 the Defendant, JOHN WESLEY PATTERSON, was sentenced to six(6) years confinement probated for six (6) years for the offense of Sexual Assault, in Cause No. F-84-215-M in 219th Judicial District Court of Collin County, Texas, for an offense committed on or about October 5, 1984. On the docket of said court, JOHN WESLEY PATTERSON, was duly and legally convicted, as defined in the Texas Penal Code, of Sexual Assault, in a case then legally pending in said last named court and of which said court had jurisdiction; and said conviction was a** *WAS NOT* **final conviction prior to the commission of the offense as set forth in cause numbers 416-82554-05, 416-82555-05, 296-81371-03, and 296-81372-03.**



FILED

06 FEB 23  AM 10: 29

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS

BY



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-01098-CR
No. 05-14-01100-CR

JOHN WESLEY PATTERSON III, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court
Collin County, Texas
Trial Court Cause Nos. 416-82554-05, 416-82555-05

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Lewis
Opinion by Justice Francis

John Wesley Patterson was convicted of multiple counts of aggravated sexual assault of a child, sexual assault of a child, and indecency with a child, as alleged in separate counts in two indictments. On direct appeal, this Court modified the trial court's judgments to correct inaccuracies, and affirmed as modified. We also remanded for punishment as to one of the counts included in trial court no. 416-82554-05 and ordered the trial court to enter new judgments reflecting the modifications set out in our judgments. *Patterson v. State*, Nos. 05-06-00808-CR, 05-06-00876-CR (Tex. App.—Dallas Nov. 29, 2007, no pet.) (not designated for publication).

On November 13, 2013, appellant filed a "motion for nunc pro tunc ruling." On March 10, 2014, appellant filed a "motion to vacate and dismiss and set aside a prior void

enhancement." On July 16, 2014, appellant filed a "motion requesting compliance with Texas motion ministerial duties," in which he appears to be seeking a ruling on his "motion for nunc pro tunc ruling." On July 29, 2014, the trial court, by written order, denied appellant's pro se motions. These appeals followed. We conclude we lack jurisdiction over the appeals.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

An order denying a motion seeking nunc pro tunc relief is not appealable. *See Sanchez v. State*, 112 S.W.3d 311, 312 (Tex. App.—Corpus Christi 2003, no pet.) (per curiam); *Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, no pet.); *Allen v. State*, 20 S.W.3d 164, 165 (Tex. App.—Texarkana 2000, no pet.). *See also Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (appellate court lacked jurisdiction to review appeal order denying motion for additional time credit); *State v. Ross*, 953 S.W.2d 748, 752 (Tex. Crim. App. 1997) (suggesting mandamus proper way to challenge denial of nunc pro tunc judgment).

Moreover, appellant's "motion to vacate and dismiss and set aside a prior void enhancement" is, in substance, a collateral attack on the prior felony conviction used to enhance appellant's sentences and thus the sentences themselves. However, the post-conviction habeas corpus procedure set out in the Texas Code of Criminal Procedure is the sole procedure by which

–2–

to collaterally attack final felony convictions, and this Court does not have jurisdiction over post-conviction habeas corpus proceedings involving final felony convictions. *See* TEX. CODE CRIM. P. ANN. arts. 11.05, 11.07 (West 2005 & Supp. 2013).

Accordingly, we dismiss the appeals for want of jurisdiction.

Do Not Publish
TEX. R. APP. P. 47
141098F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JOHN WESLEY PATTERSON III,
Appellant

No. 05-14-01098-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-82554-05.
Opinion delivered by Justice Francis,
Justices Myers and Lewis participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.


Judgment entered September 3, 2014



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOHN WESLEY PATTERSON III,
Appellant

No. 05-14-01100-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-82555-05.
Opinion delivered by Justice Francis,
Justices Myers and Lewis participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered September 3, 2014

JOHN WESLEY PATTERSON III 1375031
EASTHAM UNIT
2665 PRISON RD #1
LOVELADY TX 75851

SPECIAL!



ABEL ACOSTA CLERK
COURT OF CRIMINAL APPEALS
P.O. BOX 12308 CAPITOL STATION
AUSTIN TEXAS 78711-2308

